UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMIE MARIE FRISELL, )
)
    Plaintiff, )
)
v. ) No. 3:16-CV-131-CCS
)
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social Security, )
)
    Defendant. )

# MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 13]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. Jamie Marie Frisell ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **GRANT** the Plaintiff's motion and **DENY** the Commissioner's motion.

**I.    PROCEDURAL HISTORY**

On September 8, 2010, the Plaintiff filed an application for disability insurance benefits ("DIB"), claiming a period of disability which began August 10, 2010. [Tr. 207-08]. After her application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr.

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

114]. On March 5, 2012, the ALJ found that the Plaintiff was not disabled. [Tr. 87-100]. The Appeals Council granted the Plaintiff's request for review [Tr. 101-04] and a second hearing was conducted on May 27, 2014 [Tr. 44-84]. On August 6, 2014, the ALJ found that the Plaintiff was not disabled. [Tr. 12-26]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-3]; thus, the ALJ's decision became the final decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on March 18, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act with regard to the Plaintiff's DIB application. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

2

The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## III. ANALYSIS

This case involves an application for DIB. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see* 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his

impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

On appeal, the Plaintiff alleges that the ALJ failed to properly consider the opinion of Bruce Young, Psy.D. [Doc. 16 at 7]. The Plaintiff submits that Dr. Young was the Plaintiff's treating psychologist, and as a treating source, the ALJ was required to weigh his opinion pursuant to 20 C.F.R. § 404.1527(c)(2), commonly referred to as the Treating Physician Rule. [*Id.* at 8-16]. The Plaintiff contends that not only did the ALJ fail to weigh the opinion under section 404.1527(c)(2), but the ALJ did not discuss the opinion or state what weight, if any, the opinion deserved. [*Id.*].

The Commissioner counters that Dr. Young was not a treating source because he only examined the Plaintiff on one occasion. [Doc. 18 at 6]. Moreover, the Commissioner maintains that the regulations instruct an ALJ to "weigh" medical opinions, but do not require that a quantifiable weight be assigned. [*Id.* at 8]. The Commissioner concedes that the ALJ did not

4

identify Dr. Young by name in the disability determination but argues that the ALJ discussed the medical records that contained Dr. Young's opinion and the non-exertional limitations assigned by the ALJ in the residual functional capacity ("RFC") determination are consistent with the "moderate" restrictions assessed by Dr. Young. [*Id.*].

The Court will first determine the classification of Dr. Young as a medical source and then determine whether the ALJ properly considered the opinion.

### A. Whether Dr. Young Was A Treating Source

A medical opinion, regardless of its source, must be evaluated. 20 C.F.R. § 404.1527(c). However, the level of deference a medical opinion enjoys depends on the classification of the source. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) ("The source of the opinion therefore dictates the process by which the Commissioner accords it weight."). The regulations identify three types of medical sources: (1) treating sources, (2) nontreating, examining sources, and (3) nontreating, nonexamining sources. 20 C.F.R. § 404.1502. The parties disagree whether Dr. Young was a treating source or a nontreating, examining source.

A treating source is an acceptable medical source—generally, a physician or psychologist—who provides, or has provided, medical treatment or evaluation on an ongoing basis. *Id.* A nontreating, examining source is likewise an acceptable medical source and has examined the claimant but does not have an ongoing treating relationship. *Id.* To qualify as a treating source, the claimant must be seen by "the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)." *Id.* Even if a claimant has been seen infrequently, a source may nonetheless be considered a "treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s)." *Id.*

Here, the Court disagrees with the Plaintiff that Dr. Young was a treating source. The record demonstrates that Dr. Young saw the Plaintiff on only one occasion. Specifically, Dr. Young examined the Plaintiff on August 2, 2010, when the Plaintiff presented to Helen Ross McNabb Center to establish mental health treatment. [Tr. 398-405]. Dr. Young performed an intake assessment and mental status exam, and the Plaintiff was diagnosed with intermittent explosive disorder, bipolar disorder, not otherwise specified, generalized anxiety disorder, and rule out cannabis dependency. [Tr. 399-402]. A Functional Assessment was also completed, wherein Dr. Young opined that the Plaintiff experienced "moderate" limitations in activities of daily living, interpersonal functioning, concentration, task performance, and pace, and adaption to change. [Tr. 403-05]. Although the Plaintiff continued to be seen at Helen Ross McNabb Center until February 2012, the record fails to demonstrate that the Plaintiff was examined or treated by Dr. Young beyond the August 2, 2012 evaluation. Furthermore, the Plaintiff has not directed the Court to any evidence of an ongoing treating relationship with Dr. Young.

Accordingly, the Court finds that Dr. Young was a nontreating, examining source. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (finding a doctor who "examined Smith, completed a medical report, prescribed and refilled back pain medication, and denied additional medication when Smith returned seeking more" was not a treating source)

### B. Whether the ALJ Properly Considered Dr. Young's Opinion

Opinions rendered by one-time examiners are not entitled to any special degree of deference. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *see Gayheart*, 710 F.3d at 376 (observing that the opinions from nontreating sources are never assessed for controlling weight and the good reason requirement enumerated in 20 C.F.R. 404.1527(c)(2) only applies "to a treating-source opinion"). "The Commissioner instead weighs these opinions based on the

6

examining relationship (or lack thereof), specialization, consistency, and supportability." *Gayheart*, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)). "Other factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion." *Id.* (quoting 20 C.F.R. § 404.1527(c)(6)). "Unless an ALJ assigns controlling weight to a treating physician's opinion, the ALJ must consider 'all' of the above factors 'in deciding the weight [the ALJ] give[s] to any medical opinion.'" *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 836-37 (6th Cir. 2016) (quoting 20 C.F.R. § 404.1527(c)).

As mentioned above, Dr. Young completed a Functional Assessment wherein he opined that the Plaintiff experienced "moderate" limitations in activities of daily living, interpersonal functioning, concentration, task performance, and pace, and adaption to change. [Tr. 403-04]. In functional terms, this meant the Plaintiff would have: (1) "regular or frequent problems with performing daily routine activities and is unable to perform up to acceptable standards without frequent assistance," (2) "regular or frequent difficulty with concentration and can complete simple tasks within timeframes and/but needs prompting and help," and (3) "regular or frequent difficulty in accepting and adjusting to change; adaption will require some intervention." [Tr. 403-04]. Dr. Young explained that the Plaintiff experienced severe emotional fluctuations and limited family support, giving rise to the foregoing limitations. [*Id.*]. Dr. Young also assigned a global assessment of functioning score ("GAF") of 44 [Tr. 405], which indicated serious symptoms or serious impairment in social or occupation functioning, Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34, 4th ed. (revised) 2000.

The Plaintiff argues that even if Dr. Young was a nontreating source, the ALJ was still required to assess Dr. Young's opinion using the factors set forth in 20 C.F.R. § 404.1527(c). [Doc. 19 at 2]. The Plaintiff submits that the ALJ's failure to weigh the opinion leaves subsequent

reviewers guessing why the ALJ instead deferred to the opinion of a nontreating, nonexamining state agency psychologist. [*Id.*]. The Commissioner argues that "[a]lthough the ALJ did not identify Dr. Young by name in the decision, the ALJ cited and discussed the record evidence at 2F – where Dr. Young's opinion is located." [Doc. 18 at 8]. The Commissioner further submits that the ALJ assigned "moderate" restrictions at step three of the sequential evaluation that are consistent with Dr. Young's "moderate" limitations. [*Id.*].

As an initial matter, the Court observes that the ALJ's finding at step three that the Plaintiff has moderate limitations in the areas of daily living activities, social functioning, and concentration, persistence, or pace was with regard to whether the Plaintiff satisfied the "paragraph B" criteria of Listing 12.04 or 12.06. [Tr. 18]; *see* 20 C.F.R. § 404.1520(a)(4)(iii) (explaining that a claimant may be found disabled at step three if an impairment meets, or medically equals, one of the listings in the Listing of Impairments). An ALJ's discussion of the "paragraph B" criteria is not an RFC determination. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00.A. Therefore, an assessment of moderate limitations at step three does not mean that the Plaintiff will have corresponding limitations with regard to her RFC.[2] *See Bailey v. Astrue*, No. CIV.A. 10-227-JBC, 2011 WL 3880503, at *2 (E.D. Ky. Aug. 31, 2011) ("The RFC assessment takes into account all of the relevant evidence in the case record, . . . and the ALJ was not required to specifically adopt 'paragraph B' findings in his development of a complete and accurate assessment of Bailey's mental impairment.") (citing Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *4 (July 2, 1996)).

---

[2] Regardless, the ALJ's discussion at step three does not mention or discuss Dr. Young's opinion. [Tr. 18]. The ALJ's citation to Exhibit 2F, which contains Dr. Young's opinion as well as other treatment notes from Helen Ross McNabb Center, was in reference to the ALJ's discussion of the GAF scores of record, not Dr. Young's Functional Assessment or the limitations assessed therein. [*See id.*].

Instead, a claimant's RFC is formulated at steps four and five, which require a more detailed assessment of the functions discussed under the "paragraphs B" criteria. Soc. Sec. Rul. 96-8p, 1996 WL 374184 at *4. "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* at *7.

The Court finds that the ALJ's decision does not address, either explicitly or implicitly, the opinion of Dr. Young. Nowhere in the decision is Dr. Young mentioned by name, his Functional Assessment discussed, or his moderate limitations addressed. As a result, the ALJ failed to assess the opinion pursuant to the factors set forth in 20 C.F.R. § 404.1527(c). Although Dr. Young's opinion was not subject to the "good reason" requirement, "it must be apparent from a fair reading of the [ALJ's] decision that the medical opinions of nontreating sources were at least considered." *Borman v. Comm'r of Soc. Sec.*, No. 2:12-CV-509, 2013 WL 3394392, at *4 (S.D. Ohio July 8, 2013), *adopted by*, No. 2:12-CV-509, 2013 WL 3935028 (S.D. Ohio July 30, 2013).

The Court rejects the Commissioner's contention that the ALJ's citation to Exhibit 2F, where Dr. Young's opinion can be found, is sufficient to demonstrate that the opinion was considered as required by the regulations. First, the exhibit includes treatment notes from other medical sources in addition to the evaluation and Functional Assessment completed by Dr. Young. [Tr. 383-405]. Second, the ALJ collectively referenced Exhibit 2F and five other exhibits in the RFC portion of the decision for the general assertion that "to the extent they are consistent with the [Plaintiff's] actual activity level," these treatment records supported the opinion of the state agency psychologist. However, the limitations opined by the state agency psychologist—that the Plaintiff could perform simple and multistep tasks, maintain attention and concentration for periods of at least two hours, interact appropriately with coworkers, supervisors, and the general

9

public, and adapt to routine workplace changes as needed [Tr. 439]—are less restrictive than Dr. Young's limitations, including that the Plaintiff would have regular to frequent difficulty: performing daily activities up to an acceptable standard, concentrating and completing tasks without prompting and help, and adjusting to change [Tr. 403-04]. The ALJ's RFC determination includes the limitations opined by the state agency physiologist [Tr. 19], and therefore does not represent the "moderate" restrictions imposed by Dr. Young as argued by the Commissioner [Doc. 18 at 8-9]. Agency rules require the ALJ to explain why Dr. Young's competing opinion was not adopted. *See* Soc. Sec. Rul. 96-8p, 1996 WL 374184 at *7.

Moreover, the opinions rendered by Dr. Young and the state agency psychologist are the only medical opinions of record. "Unless a treating source's opinion is given controlling weight," the ALJ "must explain in the decision the weight given to . . . any opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii). In addition, more weight is generally given to an examining source than a source who has not examined the claimant.[3] § 404.1527(c)(1). The ALJ's failure to consider Dr. Young's opinion, therefore, cannot be considered harmless. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) ("Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'") (quoting

---

[3] To be clear, the Court is not suggesting that Dr. Young's opinion should have been adopted or was entitled to great weight. "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996). However, without any evidence that the ALJ considered or weighed Dr. Young's opinion, that Court is unable to conclude that substantial evidence supports the ALJ's RFC determination.

10

*Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir.2007)).

Accordingly, the Court will remand the case for the ALJ to reconsider Dr. Young's opinion consistent with 20 C.F.R. § 404.1527(c).

## VI. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Summary Judgment [**Doc. 15**] is **GRANTED**, and the Defendant's Motion for Summary Judgment [**Doc. 17**] is **DENIED**. The decision of the Commissioner is **REMANDED** for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

                                  ENTER:

                                        s/ C. Clifford Shirley, Jr.
                                        United States Magistrate Judge